IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT L. GARZA, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>FRED BRITTON and JON BRUNING, )<br>)<br>Respondents. )<br>_____) | 8:07CV338<br><br><br>MEMORANDUM OPINION |

This matter is before the Court on a petition for writ of habeas corpus (Filing No. 1). The Court has conducted an initial review of the habeas corpus petition to determine whether the petitioner has raised any potentially cognizable federal habeas claims.

The petitioner seeks to set vacate or set aside his judgment of conviction entered on March 23, 1984, and his life sentence for kidnaping, second degree murder, and use of a firearm to commit a felony (Filing No. 1, ¶¶ 3-5). He has previously filed petitions for a writ of habeas corpus to set aside or vacate this same conviction and sentence. *See Garza v. Britten*, 4:03CV3194 (D. Neb. 1993)(Smith Camp, J., presiding); *Garza v. Hopkins*, 4:92CV3186 (D. Neb. 1992)(Urbom, J., presiding), *aff'd* 6 F.3d 1993 (8th Cir. 1993).

In *Garza v. Britten*, 4:03CV3194, the Court held:

> The court's records indicate that the § 2254 petition in this case constitutes a "second or successive habeas corpus application under

> section 2254," within the meaning of 28 U.S.C. § 2244(b).
>
> . . .
>
> The petitioner was convicted of kidnapping in 1984. He filed a habeas corpus petition in this court, which Judge Warren K. Urbom denied in *Garza v. Hopkins*, Case No. 4:92CV3186 (D. Neb. 1992). The Eighth Circuit affirmed the denial of habeas corpus relief in 1993. Those decisions were on the merits of the petitioner's habeas claims, and none of the exceptions referred to in *Vancleave v. Norris*,[1] applies. Therefore, as the petitioner's current § 2254 petition has not been certified by the Eighth Circuit, as unambiguously required by 28 U.S.C. § 2244(b), [the Petition for Writ of Habeas Corpus,] filing no. 1 must be dismissed.

*Garza v. Britten*, 4:03CV3194, Filing No. 10. The Petition for Writ of Habeas Corpus was dismissed without prejudice to reassertion upon certification by the Eighth Circuit Court of Appeals. *Id*. at p. 3. Petitioner's request for authorization from the Eighth Circuit to file a successive habeas application in the district court was denied. *Garza v. Britten*, 4:03CV3194, Filing No. 14.

As explained in *Garza v. Britten*, 4:03CV3194, Filing No. 10, the petitioner has already been afforded federal habeas

---

[1] *Vancleave v. Norris*, 150 F.3d 926 (8th Cir. 1998).

-2-

review of his underlying state court conviction and sentence on the merits.  His pending petition for writ of habeas corpus was filed without first obtaining authorization to file a successive application from the Eighth Circuit Court of Appeals.  This Court therefore lacks subject matter jurisdiction over this case. *Burton v. Stewart*, 127 S.Ct. 793, 796 (2007).  A separate order will be entered in accordance with this memorandum opinion.

DATED this 3rd day of October, 2007.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court