IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT L. GARZA, | |
| Petitioner, | 8:07CV338 |
| vs. | |
| FRED BRITTON, and JON BRUNNING, | MEMORANDUM AND ORDER |
| Respondents. | |

This closed federal habeas matter under 28 U.S.C. § 2254 is before the court on Petitioner Robert L. Garza's ("Petitioner" or "Garza") motion for post-judgment relief under Rule 60(b)(4) of the Federal Rules of Civil Procedure. (Filing No. 13.)

Garza has prosecuted three habeas actions in this court, including the present case, all challenging his 1984 conviction and sentence for kidnapping, attempted second degree murder, and use of a firearm to commit a felony. *See Garza v. Britton, et al.*, Case No. 8:07CV338 (D. Neb. 2007) (Strom, J., presiding); *Garza v. Britten*, Case No. 4:03CV3194 (D. Neb. 2003) (Smith Camp, J., presiding); *Garza v. Hopkins*, 4:92CV3186 (D. Neb. 1992) (Urbom, J., presiding), *aff'd* 6 F.3d 782 (8th Cir. 1993). In Case No. 4:92CV3186, Judge Urbom denied Petitioner habeas relief and that decision was affirmed by the Eighth Circuit in 1993. Those decisions were on the merits. *See Garza v. Britten*, 4:03CV3194, Filing No. 10. In both Case No. 4:03CV3194 and this case (Case No. 8:07CV338), Garza's habeas petitions were dismissed as a second or successive habeas petition for which Garza had not obtained permission from the Eighth Circuit Court of Appeals to file as required by 28 U.S.C. § 2244(b)(2)–(3).

Garza has now filed a motion for relief under Fed. R. Civ. P. 60(b)(4) in this case[1] claiming that his underlying criminal conviction is void because no valid judgment of conviction was signed by the trial judge and entered by the clerk. Garza's motion is frivolous.

"It is well established that a Rule 60(b) motion may not be used to 'relieve a party from operation of a judgment of conviction or sentence in a criminal case.'" *United States v. Shenett*, No. CRIM.A. 05-431 MJD, 2015 WL 3887184, at *2 (D. Minn. June 24, 2015) (quoting *United States v. Hunt,* No. 4:07–CR–121, 2008 WL 4186258, at *1 (E.D.Mo. Sept. 5, 2008) (holding that a defendant's Rule 60(b)(4) motion to vacate criminal judgment "is frivolous because a prisoner may not attack the legality of his conviction through Rule 60(b)")). Rule 60(b)(4) "is a rule of civil procedure and thus not available to challenge criminal judgments, nor may it be used to challenge state judgments of any sort in federal court." *Sherratt v. Friel*, 275 F. App'x 763, 767 n.1 (10th Cir. 2008).

Garza also alleges that this court lacked jurisdiction, and he apparently claims the prior rulings of this court were void because the state court criminal judgment is void. This, of course, is preposterous. I will not allow Garza to do indirectly what he cannot do directly—that is to use Rule 60(b)(4) to attack a state criminal conviction through the guise of attacking federal jurisdiction of an adverse ruling in actions Garza brought himself pursuant to 28 U.S.C. § 2254. Accordingly,

IT IS ORDERED that the Motion for Relief from Judgment Pursuant to Rule 60(b)(4) (filing no. 13) is denied and dismissed with prejudice.

---

[1] Garza also has filed identical motions in Case Numbers 4:92CV3186 and 4:03CV3194.

Dated this 10th day of October, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge